BEAN v. COOK et ux. (No. 62.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 27, 1916. Rehearing Denied Feb. 23, 1916.)

1. APPEAL AND ERROR ☞931, 934—REVIEW— PRESUMPTION.

All reasonable intendments will be indulged on appeal to support the judgment and findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771, 3777–3782; Dec. Dig. ☞931, 934.]

2. VENDOR AND PURCHASER ☞228—IMPROVEMENTS BY VENDOR'S LESSEE.

A purchaser of land with notice that his vendor's lessee put improvements thereon under oral agreement that he might remove them, preventing him from doing so, is liable to him for their value.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 495–501; Dec. Dig. ☞228.]

3. APPEAL AND ERROR ☞704 — REVIEW — FINDING OF FACT.

Without the evidence, a finding of the value of improvements put on land cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2900, 2939–2941; Dec. Dig. ☞704.]

Appeal from Jasper County Court; C. C. Brown, Judge.

Suit by I. S. Bean against G. W. Cook and wife. From an adverse judgment, plaintiff appeals. Affirmed.

Smith & Lanier, of Jasper, for appellant. J. T. Beaty and Chas. C. Ingram, both of Jasper, and R. S. Sanders, of Center, for appellees.

BROOKE, J. This suit was instituted by appellant herein by way of an injunction sued out on the 24th day of November, 1914, against appellees, in which application for injunction it was alleged that the appellant was the owner in fee simple of the improvements in controversy and also the premises upon which the same were situated, by reason of having purchased same from J. A. Bohler and wife on the 31st day of October, 1914; that appellees were occupying said premises at the time of said purchase, as tenants at will of the appellant and his vendors; that about the 21st day of November, 1914, appellees began to tear down and remove from off said premises said improvements. Appellees were prevented by the injunction from remaining upon said premises or removing any part of said improvements from off them. Appellees, by answer filed January 5, 1915, set up general demurrer and general denial, and also pleaded specially that about the 13th day of June, they had a verbal contract with the said Bohler, appellant's vendor, in which contract it was agreed that any improvements which might be erected by appellees should remain upon the property, and that they should have the right to remove same at any time they should see fit; that appellant had notice of said contract, and thereby was estopped to set up his claim thereto; that the injunction was knowingly, willfully, and maliciously sued out. Wherefore they claimed actual damages in the sum of $100 as expense, by reason of having to travel from place to place and live in hotels, etc., and the further sum of $500 by reason of appellant holding said improvements, and by way of pain, inconvenience, humiliation, etc., they suffered further damages in the sum of $350. Appellant, by supplemental petition, set up the ·suing out of the injunction as having been done without malice and ill will, and that it was done in good faith, and upon the statement of J. A. Bohler that the improvements in controversy were included in said sale to appellant by said Bohler, and they also filed a second supplemental petition, denying the verbal contract pleaded by appellees, and pleading an estoppel against appellees, by reason of certain misrepresentations made by appellees to appellant, to wit, that appellees had an agreement with said Bohler, by the terms of which appellees were to retain the title to any improvements that might be placed upon said premises, and that they should have the right to remove the same from off said premises at any time they saw fit, and that they had said agreement in writing and had it witnessed, and, further, that these representations were made at two different times, and that at each time appellant asked to see the same, but was refused, and that appellees failed to furnish appellant with the name of any witness to said agreement in writing. Appellees filed their first supplemental answer,

alleging, in addition to the matters theretofore set out, claim for damages by way of rent in the sum of $10 per month for a period of five months, and, further, that if the court should hold them not entitled to their damages, they be given the privilege of going upon said premises and removing such improvements as they own. The case was tried before the court without a jury, and judgment rendered, dissolving the injunction and awarding appellees judgment against appellant for $150, as the value of the improvements.

There is no statement of facts in this record. Therefore, we are not furnished with the testimony on which the judgment was based. The court, however, filed conclusions of law and fact as follows:

"I find that the improvements in controversy are situated upon a tract of land purchased by plaintiff, I. S. Bean, from one J. A. Bohler, first payment therefor being made on the 31st day of October, 1914, in the sum of $40, and that final payment was made on the date of the delivery of the deed, to wit, 16th day of November, 1914, in the sum of $2,960, .and that said improvements were included in said purchase.

"I find that said improvements were placed thereon by G. W. Cook and wife, Sallie Cook, and that before said improvements were placed thereon by defendants, they entered into a verbal agreement with plaintiff's vendor, J. A. Bohler, that said improvements should remain . the property of defendants, and that they should have the right to remove same from off said premises at defendants' pleasure.

"I find that defendants were living upon said land and occupying said improvements as their home at the time of the purchase of said land and improvements, as above stated, but that they were preparing to vacate same, and had declared their intention to so vacate at the time of the institution of this suit, and they were preparing to remove said improvements.

"I find that defendants had never rendered said improvements for taxes, but that the same were rendered by plaintiff's vendor, J. A. Bohler.

"I find that defendants attempted to tear down said improvements and remove same from off said premises on the 4th day of November, 1914, that plaintiff then inquired of defendants what interest they claimed in said improvements, and was informed that they owned said improvements by reason of having placed same on the premises, and by reason of having an agreement with plaintiff's vendor, Bohler, that they should have ·the right to remove said improvements at their pleasure, and that they had said agreement in black and white and had it witnessed; that plaintiff requested defendants that he be allowed to see said agreement, and defendants refused to let him see same, and failed to· inform plaintiff of the name of any witness to said agreement.

"I find that the plaintiff understood the defendants to mean by the terms 'black and white' that the agreement was in writing.

"I find that plaintiff then inquired of Bohler, concerning said agreement, and was informed by said Bohler that defendant had no such agreement, in writing or otherwise.

"I find that plaintiff again,· before making final payment, accosted the defendants concerning their rights, and were again informed that they had the agreement; that they failed to make known to plaintiff the names of any witnesses, and refused to let plaintiff see said agreement, but stated to plaintiff that if he could not take their word for it they could go.

"I find said defendants did not tell plaintiff

that they were claiming said improvements by reason of any verbal agreement.

"I find said improvements to be of the value of $150."

[1-3] All reasonable intendments will be indulged to support the judgment of the court and its findings.

The appellant, by his first assignment, assails the judgment as being contrary to the law and the evidence. The said assignment is overruled.

By his second assignment, appellant assails the action of the court in rendering a money judgment against appellees for the sum of $150, as being the value of said improvements. The record is silent, other than the findings of the court, on this proposition, and the same must be held conclusive.

Finding no reversible error, this case is, in all things, affirmed.